# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAI CI FU, | ) 1:09-cv-00474-BAK-SMS HC |
| Petitioner, | ) ORDER DISMISSING AMENDED PETITION |
| | ) FOR WRIT OF HABEAS CORPUS (Doc. 8) |
| v. | ) |
| | ) ORDER DIRECTING CLERK OF COURT TO |
| | ) ENTER JUDGMENT AND CLOSE FILE |
| ATTORNEY GENERAL ERIC H. HOLDER, JR., | ) |
| Respondents. | ) |

## PROCEDURAL HISTORY

Petitioner, currently in the custody of the Bureau of Immigration and Customs Enforcement ("ICE") and proceeding pro se, filed his original petition on March 13, 2009. (Doc. 1). On April 20, 2009, Petitioner filed an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 8). The petition alleges that Petitioner's continued detention violates his substantive and procedural due process rights under the Fifth Amendment to the Constitution and is a violation of Respondent's statutory authority. (Doc. 8, p. 2). On April 24, 2009, Petitioner filed an Addendum to his amended petition. (Doc. 10). On May 19, 2009, he filed a secondary memorandum to his amended petition (Doc. 11), on May 26, 2009 he filed a third

1  memorandum in support of his amended petition. (Doc. 12).

2  On March 27, 2009, Petitioner filed his written consent to the jurisdiction of the United
3  States Magistrate Judge to conduct all further proceedings, pursuant to 28 U.S.C. § 636(b).
4  (Doc. 6).

## FACTUAL SUMMARY

Petitioner is a native of the People's Republic of China, he arrived in the United States in 1984, and he is currently being detained at the Lerdo Pre-trial Detention Facility in Bakersfield, California. (Doc. 8, pp. 2-3). On January 18, 2006, an Immigration Judge ordered Petitioner removed from the United States. (Doc. 8, p. 2). Petitioner is now subject to a final order of removal. (Id.). Petitioner entered ICE custody on December 23, 2008, and has been detained continuously by ICE since that date. (Doc. 8, p. 5; Doc 10, p. 10).

## DISCUSSION

A. Petition for Writ of Habeas Corpus.

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2241(c)(3). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir.1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.[1] However, the petition must "allege facts concerning the applicant's commitment or detention," 28 U.S.C. § 2242, and the Petitioner must make specific factual allegations that would entitle him to habeas corpus relief if they are true. O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir.1990); United States v. Poopola, 881 F.2d 811, 812 (9th Cir.1989).

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court is required to make a preliminary review of each petition for writ of habeas corpus. "If it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief," the Court must dismiss the

---

[1] The Rules Governing § 2254 Cases can be applied to petitions other than those brought under § 2254 at the Court's discretion. See, Rule 1(b) of the Rules Governing § 2254 Cases.

petition. Rule 4 of the Rules Governing § 2254 Cases; see also, Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).

B. Petitioner's Claims Are Not Ripe.

In the instant case, Petitioner alleges that his mandatory and indefinite detention by ICE is in violation of the Fifth Amendment of the U.S. Constitution and in violation of Respondent's statutory authority. This issue was addressed by the United States Supreme Court in Zadvydas v. Davis, 121 S.Ct. 2491 (2001).

In Zadvydas, the Supreme Court found that the habeas corpus statute grants federal courts the authority to determine whether post-removal-period detention is pursuant to statutory authority.[2] Id. at 2491. In addition, the Court held that the Immigration and Nationality Act's ("INA") post-removal-period detention statute does not permit indefinite detention, but instead "implicitly limits an alien's detention to a period reasonably necessary to bring about that alien's removal from the United States." Id at 2498. When faced with making such a determination, the Court must consider "the basic purpose of the statute, namely assuring the alien's presence at the moment of removal." Id. at 2504. In addition, the Court must take appropriate account of the Executive Branch's "greater immigration related expertise," ICE's "administrative needs and concerns," and the "Nation's need to speak with one voice on immigration."[3] Id.

The Supreme Court attempted to limit those occasions when the federal court would need to make such "difficult judgments" by setting a "presumptively reasonable period of *detention*" of *six months*. Id. at 2505 (italics added). The burden is on the alien to show that there is no reasonable likelihood of repatriation. Id. ("This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal

---

[2] The Supreme Court analyzed the constitutionality of the period of post-removal-*detention*, not the period of post-removal. See Zadvydas, 121 S.Ct. at 2504.

[3] The Ninth Circuit's decision in Ma v. Reno, 208 F.3d 815, 818 (9th Cir. 2000), cert. granted, 121 S.Ct. 297, consolidated with Zadvydas v. Underdown, 185 F.3d 279 (5th Cir. 1999), cert. granted, 2000 WL 38879, was vacated by the U.S. Supreme Court as resting solely on the "'absence' of an 'extant or pending' repatriation agreement without giving due weight to the likelihood of successful future negotiations." Zadvydas v. Davis,121 S.Ct. 2491 (2001).

in the reasonably foreseeable future.").

After six months, and once an alien makes a showing that there is no "significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Id. However, where an alien seeks release prior to the expiration of the presumptive six-month period, his claims are unripe for federal review. See Abbott Laboratories, Inc. v. Gardner, 387 U.S. 136, 148- 49, 87 S.Ct. 1507 (1967) ("[The ripeness doctrine's] basic rationale is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties.").

In this case, Petitioner has been in ICE custody following a final order of removal since December 23, 2008. Thus, Petitioner's current detention is still well within the six month "presumptively reasonable period of detention." Id. Petitioner alleges that his detention is indefinite (Doc. 8, p. 2), that he has cooperated fully with Respondent (Doc. 10, p. 2), and that the Chinese government has refused to issue travel documents for Petitioner. (Doc. 10, p. 8).

Petitioner unsubstantiated allegations alone, however, are insufficient to overcome the presumption of reasonableness of the six month period,[4] and his claims of constitutional violations are not ripe for review. Should Petitioner's detention continue past the six month presumptive period, he may re-file the instant federal action and obtain review. At that time, however, Petitioner must provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Zadvydas, 121 S.Ct. at 2505.

**ORDER**

Accordingly, it is HEREBY ORDERED that:

1. The Amended Petition for Writ of Habeas Corpus (Doc. 8) is HEREBY DISMISSED WITHOUT PREJUDICE as the claims raised are not ripe for federal review; and

---

[4] In two letters, dated respectively January 27, 2009 and February 20, 2009, Eric Bonnar, ICE's Assistant Field Office Director in Bakersfield, California, indicated to Petitioner that, as of those dates, Bonnar had no information or evidence that the People's Republic of China had declined to issue travel documents for Petitioner's return. (Doc. 10, pp. 10-11).

2. The Clerk of the Court is DIRECTED to enter judgment and close the file.

IT IS SO ORDERED.

**Dated:     June 4, 2009**                                    /s/ Sandra M. Snyder
                                                                      UNITED STATES MAGISTRATE JUDGE